UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LAKHWINDER SINGH,

Petitioner,

v.

CHRISTOPHER CHESTNUT, et al.,

Respondents.

No.  1:25-cv-01984-DJC-EFB (HC)

FINDINGS AND RECOMMENDATIONS

Pending before the court is petitioner's petition for writ of habeas corpus under 28 U.S.C. § 2241.  ECF No. 1.  On December 30, 2025, the court converted petitioner's motion for temporary restraining order into a motion for preliminary injunction and granted it; ordered respondents to immediately release petitioner from custody; ordered that respondents shall not impose any additional restrictions on petitioner unless that is determined to be necessary at a future pre-deprivation/custody hearing; and enjoined respondents from re-arresting or re-detaining petitioner absent compliance with constitutional protections, which include, at a minimum, pre-deprivation notice describing the change of circumstances necessitating his arrest and detention, and a timely hearing, at which the Government shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight, at which hearing petitioner shall be allowed to have his counsel present.   ECF No. 9.

////

1

Subsequently, respondents filed a Response to the petition that reiterates the arguments respondents had raised in opposition to the motion for preliminary injunction.  ECF No. 11; *see* ECF No. 8.  Petitioner has not filed a Reply to that response and the deadline to do so has expired.  *See* ECF No. 10.  For the reasons set forth below, the undersigned finds petitioner has demonstrated his entitlement to relief and recommends the petition be granted.

**BACKGROUND**

In his verified petition, petitioner alleges that he is a citizen and national of India who entered the United States on January 27, 2022.  ECF No. 1 at 4.  The same day, he was briefly detained by Department of Homeland Security (DHS) and released by DHS on an Order of Release on Recognizance in an Alternative to Detention supervision program.  ECF No. 1 at 4-5, Ex. B.  That day, as well, DHS served petitioner with a Notice to Appear that designated him as "an alien present in the United States who has not been admitted or paroled" and charged him with removability pursuant to section 212(a)(6)(A)(i) of the Immigration and Nationality Act as an "alien present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General."  *Id*. at 5.

Since then, petitioner has timely filed a Form I-589, Application for Asylum, with the immigration court; has obtained gainful employment; and has complied with all the conditions of his supervision.  ECF No. 1 at 5.  He has accrued no criminal history.  *Id*.

On August 5, 2025, an agent of ICE contacted petitioner and informed him he was required to check in at an ICE office to provide biometric data.  ECF No. 1 at 5.  When petitioner arrived at the appointment, he was arrested.  *Id*., Ex. B.

Petitioner initiated this action on December 23, 2025, alleging that his detention violates his procedural due process rights, substantive due process rights, and the Immigration and Nationality Act.  ECF No. 1.  Concurrently, petitioner moved for a temporary restraining order.  ECF No. 2.  On December 23, 2025, the District Court issued a minute order directing respondents to inform the court whether they opposed conversion of the motion for temporary restraining order to a motion for preliminary injunction and whether there were any factual or legal issues in this case that render it distinct from the Court's orders in the cases, *Singh v.*

2

*Andrews*, No. 1:25-cv-01543-DJC-SCR; *Mariagua v. Chestnut*, No. 1:25-cv-01744-DJC-CSK; *Ortega v. Noem*, No. 1:25-cv-01663-DJC-CKD; and *Souza v. Robbins*, No. 1:25-cv-01597-DJC-JDP.  ECF No. 6.  On December 27, 2025, respondents filed an opposition to the motion for temporary restraining order, in which they asserted petitioner was properly detained under 8 U.S.C. § 1225(b)(2) but acknowledged that there were no factual or legal differences in petitioner's case that render it distinct from those cases cited in the Court's minute order.  ECF No. 8 at 2-4.  Respondents did not oppose the conversion of the motion for temporary restraining order to a motion for preliminary injunction.  *Id*. at 4.

On December 30, 2025, the District Court granted the motion for preliminary injunction by minute order, ordering:

> In light of Respondents concession that there are no factual or legal issues in this case that render this case distinct from the prior cases cited in the Court's prior minute order (*see* ECF No. 6 ) and for the reasons stated in the orders in those prior cases, IT IS HEREBY ORDERED that Petitioner's Motion for Temporary Restraining Order (ECF No. 2 ) is converted to a Motion for Preliminary Injunction and is GRANTED. Respondents are ordered to immediately release Petitioner Lakhwinder Singh from their custody. Respondents shall not impose any additional restrictions on him, unless that is determined to be necessary at a future pre-deprivation/custody hearing. Respondents are ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, which include, at a minimum, pre-deprivation notice describing the change of circumstances necessitating his arrest and detention, and a timely hearing. At any such hearing, the Government shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight, and Petitioner shall be allowed to have his counsel present.

ECF No. 9.  The District Court referred the matter to the undersigned for further proceedings, *id*., and, the following day, the undersigned directed respondents to file a response to the petition and set a deadline for petitioner to file any reply.  ECF No. 10.  On January 17, 2026, respondents timely filed a response.  ECF No. 11.  Petitioner has not filed a reply.

## LEGAL STANDARD

The federal court should grant a writ of habeas corpus under 28 U.S.C. § 2241 when the petitioner is in custody in violation of the Constitution or federal law.  *See, e.g., Dominguez v. Kernan*, 906 F.3d 1127, 1134 (9th Cir. 2018).  The petitioner bears the burden to prove the unlawfulness of his detention by a preponderance of evidence.  *Sepulveda Ayala v. Bondi*, 794 F.

3

Supp. 3d 901, 911 (W.D. Wash. 2025).

**DISCUSSION**

Based on the record before the court, the undersigned finds that petitioner has shown that his detention violates the Immigration Nationality Act and his right to procedural due process under the Fifth Amendment, ECF No. 1 at 10-11, and recommends the writ be granted.

In petitioner's third claim for relief, he alleges that his detention pursuant to 8 U.S.C. § 1225(b)(2) is unlawful because that statutory section does not properly apply to him. ECF No. 1 at 10-11. Respondents argue that petitioner is an "applicant for admission" per § 1225(a)(1), thus subjecting him to the mandatory detention provision in § 1225(b). ECF No. 11 at 2. For the reasons set forth in the District Court's November 19, 2025 Order in *Singh v. Andrews*, No. 1:25-cv-01543-DJC-SCR, 2025 WL 3248059 (E.D. Cal. Nov. 19, 2025), the undersigned finds that petitioner has shown that his detention is unlawful because 8 U.S.C. § 1225(b)(2) does not apply to him, as he is not an "applicant for admission" within the meaning of § 1225(a)(1). *See* ECF No. 6. Section 1225(b)(2) does not properly apply to persons like petitioner who had been previously admitted to the United States, then released by DHS authorities; rather, § 1225(b)(2) only applies to those aliens "seeking admission" to the United States. *See Salcedo Aceros v. Kaiser*, No. 25-CV-06924-EMC, 2025 WL 2637503, at *8 (N.D. Cal. Sept. 12, 2025) (collecting cases); *see also Singh v. Andrews*, No. 1:25-cv-01543-DJC-SCR, 2025 WL 3248059, at *2-4; *Garcia Mariagua v. Chestnut*, No. 1:25-CV-01744-DJC-CSK, 2025 WL 3551700, at *2 (E.D. Cal. Dec. 11, 2025). To construe § 1225(b)(2) to mandate detention for persons like petitioner is untenable under principles of statutory construction, as it "(1) disregards the plain meaning of [§] 1225(b)(2)(A); (2) disregards the relationship between [§§] 1225 and 1226; (3) would render a recent amendment to [§] 1226(c) superfluous; and (4) is inconsistent with decades of prior statutory interpretation and practice." *Lepe v. Andrews*, No. 1:25-CV-01163-KES-SKO, 2025 WL 2716910, at *4 (E.D. Cal. Sept. 23, 2025)). Petitioner has shown by a preponderance of evidence respondents' detention of him pursuant to 8 U.S.C. § 1225(b) is unlawful under that statute, entitling him to habeas corpus relief.

////

4

Petitioner has also shown that his detention without a bond hearing violates his right to procedural due process under the Fifth Amendment.  *See* ECF No. 1 at 10.  To determine whether detention violates a petitioner's Fifth Amendment procedural due process rights, courts weigh: (1) "the private interest that will be affected by the official action"; (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards"; and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail."  *See Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).  For the reasons set forth in the District Court's December 11, 2025 Order in *Garcia Mariagua v. Chestnut*, No. 1:25-CV-01744-DJC-CSK, 2025 WL 3551700, at *2, petitioner has shown that he has a substantial protected liberty interest in his freedom from detention.  *See* ECF No. 6; *see also Ortega v. Noem*, No. 1:25-cv-01663-DJC-CKD, at 6 (E.D. Cal. Dec. 8, 2025); *Souza v. Robbins*, No. 1:25-CV-01597-DJC-JDP, 2025 WL 3263897, at *3 (E.D. Cal. Nov. 23, 2025).  Since petitioner's release after his initial entry to the United States, petitioner developed "enduring attachments of normal life" legally indistinguishable from those experienced by a criminal parolee.  *See Morrissey v. Brewer*, 408 U.S. 471, 482 (1972).

Petitioner also has demonstrated that the second *Mathews* factor weighs in his favor. Without an individualized bond hearing, "the risk of erroneous deprivation," *see Mathews*, 424 U.S. at 335, through petitioner's summary detention is considerable.  Petitioner's detention is only justified when the noncitizen poses a flight risk or a danger to the community.  *See* 8 U.S.C. § 1226(a); *Zadvydas*, 533 U.S. at 690.  Without an individualized bond determination by a neutral factfinder in order to determine whether his continued detention is legally justified, the risk of erroneous deprivation of petitioner's protected liberty interests is great.  *See Garcia Mariagua*, No. 1:25-CV-01744-DJC-CSK, 2025 WL 3551700, at *3-4; *Ortega*, No. 1:25-cv-01663-DJC-CKD, at 6-7; *Souza*, No. 1:25-CV-01597-DJC-JDP, 2025 WL 3263897, at *3 (E.D. Cal. Nov. 23, 2025); *see also Demore*, 538 U.S. 510; *Morales-Flores*, No. 1:25-CV-01640-TLN-EFB, 2025 WL 3552841, at *5; *R.D.T.M. v. Wofford*, No. 1:25-CV-01141-KES-SKO (HC), 2025 WL 2617255, at *4 (E.D. Cal. Sept. 9, 2025); *A.E. v. Andrews*, No. 1:25-CV-00107-KES-SKO, 2025

WL 1424382, at *5 (E.D. Cal. May 16, 2025).  Correspondingly, the probative value of the additional procedural safeguards petitioner seeks—a determination of petitioner's bond-worthiness based on individualized facts, by a neutral factfinder—is high.  *See Garcia Mariagua*, No. 1:25-CV-01744-DJC-CSK, 2025 WL 3551700, at *3-4; *Morales-Flores*, No. 1:25-CV-01640-TLN-EFB, 2025 WL 3552841, at *5; *R.D.T.M. v. Wofford*, No. 1:25-CV-01141-KES-SKO (HC), 2025 WL 2617255, at *4.

Petitioner also has shown that the third *Mathews* factor weighs in his favor.  "[T]he government has no legitimate interest in detaining individuals who have been determined not to be a danger to the community and whose appearance at future immigration proceedings can be reasonably ensured by a lesser bond or alternative conditions."  *Hernandez*, 872 F.3d at 994.  The effort and cost required to provide petitioner with procedural safeguards are minimal.  *See Lopez*, 2025 WL 3124116, at *4; *Khan v. Noem, et al.*, No. 1:25-CV-01411-EPG-HC, 2025 WL 3089352, at *7 (E.D. Cal. Nov. 5, 2025) ("In immigration court, custody hearings are routine and impose a 'minimal' cost." (citations omitted)).

Accordingly, the undersigned finds respondents' interest in detaining petitioner without an individualized bond determination, at a hearing before a neutral factfinder, is low and does not outweigh petitioner's substantial liberty interest or the risk of the erroneous deprivation of same.  Petitioner has thereby shown by a preponderance of evidence that his detention violates his rights under the due process clause of the Fifth Amendment, entitling him to relief on the second claim of his petition.

## CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

1) Petitioner's petition for writ of habeas corpus (ECF No. 1) be GRANTED.

2) Respondents be ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, which include, at a minimum, pre-deprivation notice describing the change of circumstances necessitating his arrest and detention, and a timely hearing. At any such hearing, the Government shall bear the burden of establishing, by clear and convincing evidence,

that Petitioner poses a danger to the community or a risk of flight, and Petitioner shall be allowed to have his counsel present.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: April 3, 2026

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

7